COX vs. HARDING.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT FOR THE
PARISH OF ST. MARY, THE JUDGE OF THE SIXTH PRESIDING.

Where the answers of the plaintiff to the interrogatories of defendant, are
corroborated by very strong circumstances, they will outweigh the testi-
mony of two witnesses, who might have mistaken an *hypothetical* for a
*positive* contract.

This is an action on a promissory note of the defendant
for five thousand five hundred dollars, payable the first of
April, 1835. The defendant averred, that this note was given
to take up one of six thousand dollars, drawn by Dr. Towles,
and endorsed by him, and held by the plaintiff; that some
time after the plaintiff proposed to him, to deliver up this
note for the one of Dr. Towles, to which he assented; and
to carry this agreement into effect, on his return home from
New-Orleans, he sent Towles' note to his agent, to be
exchanged for the one now in suit, which was refused by the
plaintiff. He avers, he is not liable in this action, and prays
that it be dismissed. In answer to interrogatories pro-
pounded by the defendant, the plaintiff thus explains the
nature of the agreement relied on :

" That some time in March, 1835, he met with Mr. Har-
ding, the defendant, and inquired if he could pay the note
in suit, at maturity. Instead of giving any reply to the ques-
tion, he proposed to give in payment, the note of John
Towles for six thousand dollars, when it was agreed, that
they should meet on the next evening, at the office of C. M.
Conrad, Esq., to make an arrangement; that they met, and
in the presence of Mr. Conrad, deponent asked Mr. Harding
if he would give Mr. Towles' note for his own, if he (depo-
nent) could make an arrangement with Mr. Conrad, to which
Mr. H. assented. Deponent then proposed immediately to
Mr. Conrad, to receive that note (Dr. Towles' for six thou-
sand dollars) in payment of some money he owed Towles'
estate, and which Mr. C. had to collect. Mr. C. declined,
and deponent informed Mr. H. that nothing could be done.

This is the substance of what passed in relation to the exchange of notes, and which he considered as final ; that he had no idea of taking the note of Towles, unless he could negociate it with Mr. C., and this was well understood by the defendant at the time."

*Messrs. C. M.* and *F. B. Conrad,* were both called as witnesses, to contradict the answer of the plaintiff to the interrogatories on oath. Both these gentlemen were under the impression and belief, and to which they testified on oath, that the arrangement and agreement between Cox and Harding was positive ; and that the former, unconditionally, agreed to deliver up to the latter his own note, now in suit, for the one of Dr. Towles, of six thousand dollars.

It was shown that the defendant offered to give up Towles' note for this one, and made a tender of it to the plaintiff through an agent.

The district judge was of opinion, from all the circumstances of the case, that the agreement was not of a character to deprive the plaintiff of his right of recovery. There was judgment in his favor for the amount of the note, from which the defendant appealed.

*Simon,* for the plaintiff, said, this case presents a question of novation or rather of delegation, for the defendant contends, that the plaintiff has consented to take a new debtor, and that he ought to be discharged. But the novation has never been perfected, the new debtor has never obligated himself to the creditor ; that the defendant's note has never been delivered by the plaintiff, and he has never expressly declared that he intended to discharge his original debtor. *Pothier on Obligations, No. 558, and following. No. 564–5, etc. 9 Martin,* 270.

2. There are none of the requisites of a novation or delegation in this case. Propositions were no doubt made to substitute a new debt due by Towles' estate, for that of the defendant, but the evidence shows that the contract has never been perfected.

WESTERN DIST.
Sept. 1837.

COX
vs.
HARDING.

3. The plaintiff's answers to interrogatories show conclusively that the proposition for an exchange of notes, or substitution of one debt for another, was *conditional* only in case Towles' note could be used in payment of a debt he (plaintiff) owed the estate. The defendant has in vain attempted to contradict the answers; and at all events, he has not shown that the novation resulting from the intended delegation, has been legally completed or perfected.

*Lewis,* for defendant, insisted, that there was no question of novation, but only one of fact, and which is, that the plaintiff made an absolute and unconstitutional bargain with the defendant, in which he bound himself to deliver up the note in suit, for that of Dr. Towles. This agreement is proven by two witnesses and is binding. It is also shown, that the defendant offered to comply on his part.

*Martin, J.,* delivered the opinion of the court.

This is an action upon a promissory note executed by the defendant. The latter resisted the plaintiff's demand, on the allegation of a contract, by which it was agreed between parties, that the note sued on, should be delivered up, on the defendant's giving to the plaintiff a note for a larger sum, drawn by Dr. John Towles, and endorsed by the defendant. There was judgment for the plaintiff, and the defendant appealed.

The record shows, that the tender of Towles' note was proven, and that the defendant attempted to establish the contract on which he relied, by propounding interrogatories to the plaintiff, whose answers denied it. In order to contradict his answers, two witnesses were interrogated, and the district judge appears to have been of opinion, that the defendant's efforts in this respect, were unsuccessful.

After a careful examination of the plaintiff's answers, and the testimony of the two witnesses, we conclude, it is not our duty to interfere with the judgment. The answers of the plaintiff being corroborated by very strong circumstances, in our opinion, outweighs the testimony of the witnesses,

*Where the answers of the plaintiff to the interrogatories of defendant, are corroborated by very strong circumstances, they will outweigh the testimony of two witnesses, who might have mistaken an hypothetical for a positive contract.*

and renders it probable, that they did not well understand the meaning of the parties, and mistook an hypothetical for a positive contract.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.